IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 23 2016

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

BRIETZ, EDWIN,

　　　Plaintiff,

v.

CREDIT ACCEPTANCE CORPORATION,

　　　Defendant.

_____/

CASE NO.: 4:16cv159-Sww

**JURY TRIAL DEMANDED**

This case assigned to District Judge _Wright_
and to Magistrate Judge _Harris_

**COMPLAINT**

　　　Plaintiff, Edwin Brietz (hereinafter "Plaintiff"), by and through the undersigned counsel,

sues Defendant, Credit Acceptance Corporation (hereinafter "Defendant"), and in support thereof

alleges the following:

**JURISDICTION AND VENUE**

1.　　　Plaintiff alleges violations of the Federal Telephone Consumer Protection Act, 47 U.S.C

§ 227 *et seq.* ("TCPA").

2.　　　The TCPA was enacted to prevent companies like Nationstar Mortgage LLC from

invading American citizen's privacy and prevent abusive "robo-calls."

3.　　　"The TCPA is designed to protect individual consumers from receiving intrusive and

unwanted telephone calls." Mims v. Arrow Fin. Servs., LLC, -US--, 132 S.Ct., 740, 745, 181,

L.Ed. 2d 881 (2012).

4.　　　"Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of

modern civilization, they wake us up in the morning; they interrupt our dinner at night; they

force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the

wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone

subscribers another option: telling the autodialers to simply stop calling." Osorio v. State Farm Bank, F.S.B., 746 F. 3d 1242 (11th Cir. 2014).

5.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

## JURISDICTION AND VENUE

6.      This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, fees and costs.

7.      Jurisdiction and venue for purposes of this action are proper and conferred by 28 U.S.C. § 1331.

8.      Venue is proper in this District as Plaintiff resides in this District, the violations described in this Complaint occurred in this District, and Defendant transacts business within this District.

## FACTUAL ALLEGATIONS

9.      Plaintiff is a natural person, and citizen of the State of Arkansas, residing in Poinsett County, Arkansas.

10.     Plaintiff is the "called party." See Breslow v. Wells Fargo Bank, N.A., 755 F. 3d 1265 (11th Cir. 2014) and Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242 (11th Cir. 2014).

11.     Defendant is a corporate entity responsible for attempting to collect a consumer debt from Plaintiff and is transacting business in the State of Arkansas.

12.     Defendant is a Michigan corporation with its principal place of business located at 25505 West 12 Mile Road, Southfield, Michigan and conducts business in the State of Arkansas and

has a registered agent, Corporation Service Company, located at 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, Arkansas 72201.

13.     Plaintiff is the regular user and carrier of the cellular telephone number at issue, (580) 695-2550 (hereinafter "cellular telephone"), and was the called party of Defendant's hereafter described calls.

14.     Defendant, at all material times, was attempting to collect on an automobile loan, account/loan number 76408603, ("hereinafter "subject account"), which was serviced by Defendant.

15.     Defendant intentionally, knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone, multiple times per day and on back to back days.

16.     Defendant called Plaintiff on his cellular telephone, number (580) 695-2550, approximately One Hundred Thirty Seven (137) times since January, 2015, in attempt to collected an alleged debt.

17.     Defendant's calls to Plaintiff were documented and catalogued in a contemporaneous call log.

18.     Due to such a high call volume, Plaintiff was unable to properly catalogue each and every call he received to his cellular telephone from Defendant; however, listed below is a sampling of the call volume Plaintiff received in which he was able to contemporaneously catalogue:

      i.    January 14, 2015 at 11:14 am;

      ii.    January 14, 2015 at 2:04 pm;

      iii.    January 14, 2015 at 3:57 pm;

      iv.    January 15, 2015 at 8:20 am;

v.    January 15, 2015 at 1:49 pm;

vi.    January 17, 2015 at 8:45 am;

vii.    January 18, 2015 at 9:53 am;

viii.    January 19 at 3:06 pm;

ix.    January 20, 2015 at 8:09 am;

x.    January 20 at 12:15 pm;

xi.    January 20, 2015 at 7:20 pm;

xii.    January 21, 2015 at 8:16 am;

xiii.    January 21, 2015 at 11:30 am

xiv.    January 21, 2015 at 2:59 pm;

xv.    January 22, 2015 at 8:09 am;

xvi.    January 22, 2015 at 11:11 am;

xvii.    January 22, 2015 at 2:06 pm;

xviii.    January 22, 2015 at 6:24 pm;

xix.    January 23, 2015 at 8:13 am;

xx.    January 23, 2015 at 9:52 am;

xxi.    January 23, 2015 at 11:24 am;

xxii.    January 23, 2015 at 12:50 pm;

xxiii.    January 24, 2015 at 8:06 am;

xxiv.    January 25, 2015 at 8:27 am;

xxv.    January 26, 2015 at 8:30;

xxvi.    January 26, 2015 at 1:23 pm;

xxvii.    January 26, 2015 at 7:20 pm;

xxviii.     January 27, 2015 at 8:18 am;

xxix.      January 27, 2015 at 10:54 am;

xxx.       January 27, 2015 at 3:08 pm;

xxxi.      January 27, 2015 at 8:16 pm;

xxxii.     January 28, 2015 at 8:18 am;

xxxiii.    January 28, 2015 at 10:27 am;

xxxiv.     January 28, 2015 at 12:02 pm;

xxxv.      January 28, 2015 at 1:56 pm;

xxxvi.     January 29, 2015 at 8:15 am;

xxxvii.    January 30, 2015 at 8:46 am;

xxxviii.   January 31, 2015 at 8:45 am;

xxxix.     February 1 at 9:27 am;

xl.        February 2, 2015 at 9:56 am;

xli.       February 3, 2015 at 8:47 am;

xlii.      February 3, 2015 at 7:47 pm;

xliii.     February 4, 2015 at 8:23 am;

xliv.      February 4, 2015 at 1:01 pm;

xlv.       February 4, 2015 at 7:52 pm;

xlvi.      February 5, 2015 at 8:14 am;

xlvii.     February 5, 2015 at 1:16 pm;

xlviii.    February 5, 2015 at 6:21 pm;

xlix.      February 5, 2015 at 7:22 pm;

l.         February 6, 2015 at 8:06 am;

li.      February 5, 2015 at 9:33 am;

lii.     February 5, 2015 at 12:32 pm;

liii.    February 7, 2015 at 8:33 am;

liv.     February 7, 2015 at 3:44 pm;

lv.      February 8, 2015 at 8:11 am;

lvi.     February 8, 2015 at 9:00 am;

lvii.    February 8, 2015 at 10:37 am;

lviii.   February 9, 2015 at 8:55 am;

lix.     February 9, 2015 at 2:04 pm;

lx.      February 9, 2015 at 6:03 pm;

lxi.     February 10, 2015 at 8:02 am;

lxii.    February 10, 2015 at 9:35 am;

lxiii.   February 10, 2015 at 11:17 am;

lxiv.    February 10, 2015 at 1:18 pm;

lxv.     February 11, 2015 at 8:15 am;

lxvi.    February 11, 2015 at 9:17 am;

lxvii.   February 11, 2015 at 11:15 am;

lxviii.  February 11, 2015 at 1:08 pm;

lxix.    February 12, 2015 at 8:11 am;

lxx.     February 12, 2015 at 10:47 am;

lxxi.    February 12, 2015 at 1:14 pm;

lxxii.   February 12, 2015 at 2:30 pm;

lxxiii.  February 13, 2015 at 8:15 am;

lxxiv.    February 13, 2015 at 12:18 pm;

lxxv.    February 13, 2015 at 2:41 pm;

lxxvi.    February 14, 2015 at 8:11 am;

lxxvii.    February 15, 2015 at 8:51 am;

lxxviii.    February 16, 2015 at 8:25 am;

lxxix.    February 16, 2015 at 12:16 pm;

lxxx.    February 16, 2015 at 2:35 pm;

lxxxi.    February 16, 2015 at 5:27 pm;

lxxxii.    February 17, 2015 at 8:06 am;

lxxxiii.    February 17, 2015 at 9:45 am;

lxxxiv.    February 17, 2015 at 11:47 am;

lxxxv.    February 17, 2015 at 1:49 pm;

lxxxvi.    February 18, 2015 8:09 am;

lxxxvii.    February 18, 2015 at 10:28 am;

lxxxviii.    February 18, 2015 at 12:00 pm;

lxxxix.    February 18, 2015 at 1:06 pm;

xc.    February 19, 2015 at 8:48 am;

xci.    February 19, 2015 at 11:30 am;

xcii.    February 19, 2015 at 1:12 pm;

xciii.    February 19, 2015 at 4:47 pm;

xciv.    February 20, 2015 at 8:07 am;

xcv.    February 20, 2015 at  9:12 am;

xcvi.    February 21, 2015 at 8:21 am;

xcvii.      February 22, 2015 at 8:34 am;

xcviii.     February 23, 2015 at 8:23 am;

xcix.       February 23, 2015 at 11:37 am;

c.          February 23, 2015 at 1:50 pm;

ci.         February 23, 2015 at 2:48 pm;

cii.        February 23, 2015 at 3:43 pm;

ciii.       February 24, 2015 at 8:04 am;

civ.        February 24, 2015 at 8:59 am;

cv.         February 24, 2015 at 10:41 am;

cvi.        February 24, 2015 at 12:52 pm;

cvii.       February 25, 2015 at 8:07 am;

cviii.      February 25, 2015 at 9:38 am;

cix.        February 25, 2015 at 10:54 am;

cx.         February 25, 2015 at 12:08 pm;

cxi.        February 26, 2015 at 8:19 am;

cxii.       February 26, 2015 at 10:51 am;

cxiii.      February 26, 2015 at 1:03 pm;

cxiv.       February 26, 2015 at 2:03 pm;

cxv.        February 26, 2015 at 4:41 pm;

cxvi.       February 26, 2015 at 5:09 pm;

cxvii.      February 26, 2015 at 6:50 pm;

cxviii.     February 27, 2015 at 10:16 am;

cxix.       March 5, 2015 at 8:35 am;

cxx.    March 5, 2015 at 11:52 am;

cxxi.    March 5, 2015 at 1:39 pm;

cxxii.    March 5, 2015 at 2:47 pm;

cxxiii.    March 6, 2015 at 8:03 am;

cxxiv.    March 6, 2015 at 8:51 am;

cxxv.    March 6, 2015 at 12:05 pm;

cxxvi.    March 6, 2015 at 2:19 pm;

cxxvii.    March 7, 2015 at 8:24 am;

cxxviii.    March 7, 2015 at 12:47 pm;

cxxix.    March 8, 2015 at 8:17 am;

cxxx.    March 9, 2015 at 8:21 am;

cxxxi.    March 9, 2015 at 12:06 pm;

cxxxii.    March 9, 2015 at 2:42 pm;

cxxxiii.    March 9, 2015 at 5:46 pm;

cxxxiv.    March 11, 2015 at 8:18 am;

cxxxv.    March 11, 2015 at 11:13 am;

cxxxvi.    March 11, 2015 at 12:45 pm; and

cxxxvii.    March 11, 2015 at 1:58 pm.

19.    On several occasions, Plaintiff requested of the Defendant to cease contacting his on his cellular telephone number.

20.    Defendant has called Plaintiff a great many more times on his cellular telephone over the past four years.

21.     Due to such a high call volume, Plaintiff was not able to properly catalogue each and every time he requested Defendant to cease contacting him on his cellular telephone number; however, listed below is a sampling of in which Plaintiff was able to catalogue his request for contact from Defendant to cease:

        i.    Once in December 2014; and

       ii.    Twice in February 2015.

22.     Plaintiff requested Defendant cease all calls to his cellular telephone number a great many more times over the past four years.

23.     On information and belief, the telephone calls placed to Plaintiff were made using automated telephone dialing equipment, and were made without human intervention.

24.     Each call  made to Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

25.     Each call made to Plaintiff's cellular telephone, (580) 695-2550, was done so without the "express permission" of Plaintiff.

26.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to contact individuals, just as it did to Plaintiff's cellular telephone in this case.

27.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as it did to Plaintiff's cellular telephone in this case.

28.     Defendant's corporate policy provides no way for the consumer, including Plaintiff, to remove the cellular telephone number from Defendant's system.

29.    Defendant's corporate policy is structured so as to continue to call individuals, like Plaintiff, despite these individuals explaining to Defendant they, in no uncertain terms, do not consent to receiving calls from Defendant on their cellular telephone.

30.    Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

31.    Defendant has numerous complaints by consumers against them across the country asserting that its automatic telephone dialing system continues to call the wrong people and/or continues calling individuals without express consent.

32.    Defendant has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

33.    Defendant's corporate policy provided no means for Plaintiff to have his cellular telephone number removed from the call list.

34.    Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called.

35.    Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system, or, a pre-recorded or artificial voice prior to Defendant's placement of the calls.

36.    Not one of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

37.    Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

38.    As a result of these collection efforts, Plaintiff suffered a loss of happiness, concentration and privacy, strain to his marriage and familial relationships, severe stress, continued, future and

ongoing anxiety, nervousness, fear/worry, embarrassment, humiliation and emotional and mental distress.

### COUNT I
**(Violation of the TCPA)**

39.     Plaintiff incorporates Paragraphs one (1) through thirty-seven (37).

40.     Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was to stop calling Plaintiff in and about December 2014 and again, two times, in February 2015.

41.     Defendant knowingly violated the TCPA with respect to the Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was to stop calling Plaintiff.

42.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against  for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

Charles Les Lamey, III Esquire
Lamey Law Firm, Inc.
PO Box 2307
Conway, AR 72033

Tele:  (800) 518-1253
Fax:  (877) 287-3075
Arkansas Bar No.:  2009244
Attorney for Plaintiff(s)
les@lameyfirm.com

Jared M. Lee, Esquire
*Pending pro hac application/admission*
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Tele:  (407) 420-1414
Fax:  (407) 245-3485
Florida Bar No.:  0052284
Attorney for Plaintiff(s)
JLee@forthepeople.com
JMLPleadings@ForThePeople.com